(Reap. Dec. 9886)

J. OSSOLA CO., INC. *v.* UNITED STATES

Entry No. 1027711.

(Decided December 29, 1960)

*John D. Rode* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: Counsel for the respective parties have submitted this appeal for reappraisement for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that this appeal is limited to the tennis rackets, Item 884, as listed in the invoice covered by this appeal; that at the date of exportation of the merchandise involved, namely, tennis rackets, Item 884, manufactured in and exported from Japan to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was the appraised invoice unit value plus the pro-rated portion of inland freight, storage, lighterage and haulage, insurance premium and petties as invoiced.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise at the date of exportation thereof as defined in Section 402 of the Tariff Act of 1930 as amended.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised invoice unit value, plus the prorated portion of inland freight, storage, lighterage and haulage, insurance premium, and petties, as invoiced.

Judgment will be rendered accordingly.